NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3076

JULIO G. PIMENTEL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Julio G. Pimentel, of Rosharon, Texas, pro se.

Michael A. Carney, General Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. Of counsel on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3076

JULIO G. PIMENTEL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752060239-I-1.

_____

DECIDED:  April 14, 2008

_____

Before LOURIE, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Julio G. Pimentel appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his petition for review as untimely filed. <u>Pimentel v. Office of Personnel Mgmt.</u>, CH0752060239-I-1 (M.S.P.B. September 26, 2007). Because Mr. Pimentel fails to identify any reversible error, we <u>affirm</u>.

## BACKGROUND

For nineteen years Pimentel was an estate and gift tax attorney for the Internal Revenue Service ("IRS") in Chicago, Illinois.  On December 16, 2005, the IRS removed him for violating a last-chance agreement that he had entered into in 1999.  Pimentel

timely appealed his removal. On May 22, 2006, Pimentel and the IRS entered into a settlement agreement in which Pimentel agreed to withdraw his appeal and immediately resign. In addition, Pimentel agreed not to reapply for employment with the Service and waived his right to pursue any future claims against it. The IRS, in turn, agreed to change Pimentel's SF-50 to reflect a voluntary resignation, rather than a forced removal. Thereafter, on the same day that the settlement agreement was signed, an administrative judge issued an initial opinion dismissing Pimentel's appeal with prejudice and entering the settlement agreement into the record. Pimentel was advised that the decision would become final unless a petition for review was filed before June 26, 2006. Pimentel did not file a petition for review by that date.

Ten months later, on May 18, 2007, Pimentel filed a petition for review. In that petition, he claimed that the IRS had begun offering "early-out" retirement packages to employees in the Chicago estate tax division shortly after his settlement agreement had become final. According to Pimentel, the IRS waited to announce the retirement offer until after Pimentel's appeal rights were exhausted in order to deny him the ability to accept the retirement package.

On September 26, 2007, the Board denied Pimentel's petition for review as untimely. The Board found that Pimentel had failed to establish good cause for his failure to file his petition within the thirty-five day period following the issuance of the initial decision. The Board found that he had not exercised due diligence and therefore refused to grant his motion to waive the time limit.

Pimentel timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

2008-3076

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Generally, an appeal from a Board decision "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1) (2007). "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c).(2007).

On appeal, Pimentel argues that he was unable to file his appeal within the thirty-day time period following the initial decision because he was unaware of the "early-out" retirement packages. In fact, he argues, the retirement offer was announced shortly after the end of the thirty-day window with the intent of depriving him of the opportunity to accept an early retirement package. The IRS's deceptive actions, Pimentel alleges, amount to fraud and therefore should be subject to the two-year statute of limitations that he contends applies to all fraud claims. Pimentel further claims that he waited ten months following the retirement offer announcement to file a petition for review because he did not discover until May 2007 that the retirement packages were being offered on a continual basis.

The government responds that the Board properly considered the cause of Pimentel's delay and found that such delay was unreasonable. According to the government, the Board was thus within its discretion in refusing to waive the time limit.

We agree with the government that the Board did not abuse its discretion in not waiving the time limit. Very simply, Pimentel failed to file his appeal within the required time period. The IRS's retirement package and the date of its announcement are irrelevant to that appeal date, which Pimentel let pass. This is not an appeal from a fraud claim, but an appeal from a dismissal for failure to file a timely appeal.

While it is within the Board's discretion to waive the time limit if an appellant can show good cause for a filing delay, Pimentel has failed to do so here. In attempting to show good cause, Pimentel points to the fact that the announcement of the retirement packages occurred after the expiration of the appeal period. While that fact may explain his failure to file a petition for review within the initial thirty-day window, it does not explain why he waited over ten months following the IRS's announcement to file an appeal. Moreover, Pimentel's argument that he did not know of the continual nature of the IRS's retirement offer during those ten months does not help him in showing good cause. We fail to see how the continual nature of the retirement offer affected in any way his ability to file a petition for review. Pimentel has failed to show that he acted with diligence or prudence after learning of the retirement packages. Denying Pimentel's appeal as untimely was therefore a proper exercise of the Board's discretion.

Accordingly, because Pimentel fails to identify any reversible error, we <u>affirm</u>.
<u>No costs</u>.